**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

Melita Skelton,

      Plaintiff,

    v.                                        Case No. 1:04cv797

The Health Alliance, *et al.*,             Judge Michael R. Barrett

      Defendants.

**<u>OPINION AND ORDER</u>**

This matter is before the Court upon Defendant LabOne of Ohio, Inc.'s ("LabOne") Motion for Judgment on the Pleadings. (Doc. 18) Plaintiff has filed a Response in Opposition (Doc. 20), and Defendant LabOne filed a Reply (Doc. 21). Plaintiff then filed a Supplemental Memorandum in Opposition. (Doc. 28) Defendant Health Alliance also filed a Motion for Judgment on the Pleadings (Doc. 31), which Plaintiff opposes (Doc. 32). Also related to this matter is Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. 29), which is unopposed. This matter is now ripe for review.

**A.**    **<u>FACTS</u>**

Plaintiff Melita Skelton was employed as a histotechnologist by Health Alliance starting in May 1998. (Amended Complaint, Doc. 7 at ¶ 11) She was continuously employed by Health Alliance through January 2, 2004. (Id. at ¶ 12) In November 2003, Plaintiff began to take leave from work due to complications with her pregnancy. (Id. at ¶ 13) Health Alliance knew that Plaintiff was on leave pursuant to the Family Medical Leave Act (FMLA). (Id. at ¶¶ 14, 16)

On December 30, 2003, Health Alliance entered into a purchase agreement with

LabOne that provided that LabOne would retain those employees actively at work and who returned to work within thirty days of the January 3, 2004 closing date. (Id. at ¶ 15) Plaintiff informed Health Alliance that she was unable to return to work until March 26, 2004. (Id. at ¶ 14; Doc. 18, Ex. A) Health Alliance told Plaintiff that she could only return in her prior position if LabOne decided to employ her. (Id. at ¶ 18) LabOne refused to hire Plaintiff, stating that LabOne was not required to hire her under the 30-day provision in the purchase agreement. (Id. at ¶ 19) When Plaintiff attempted to find work in a comparable position at Health Alliance, she was unable to find one. All the positions Health Alliance offered were either dissimilar or paid less than what she made prior to her leave. (Id. at ¶ 20)

As of the filing of the first Amended Complaint, Plaintiff had not been issued a notice of right to sue against LabOne by the EEOC.[1] The EEOC issued a notice of right to sue against LabOne on September 23, 2005. (Doc. 28, Ex. B). Plaintiff moved for leave to file her Second Amended Complaint on October 27, 2005. (Doc. 29)

Plaintiff brings claims of sex and pregnancy discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*.; conspiracy; retaliation and interference under the Family Medical Leave Act, 29 U.S.C. § 2601, *et seq*.; violation of Ohio public policy; and violations of Ohio anti-discrimination law. Plaintiff also makes reference to the Americans with Disabilities Act, 42 U.S.C. § 12132.

---

[1]Plaintiff received a notice of right to sue from the EEOC against Health Alliance on August 30, 2004. (*Id*. at ¶ 9). Plaintiff filed charges against Health Alliance with the Ohio Civil Rights Commission (OCRC), but those charges are still pending. (*Id*. at ¶ 10). The original Complaint in this matter was filed on November 24, 2004.

B.    **ANALYSIS**

1.    **Motion for Leave to File Second Amended Complaint.**

Federal Rule of Civil Procedure 15(a) provides:

A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

In *Foman v. Davis*, 371 U.S. 178, 182 (1962), the Supreme Court explained that a motion to amend generally should be granted:

In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.--the leave sought should, as the rules require, be "freely given."

Plaintiff states that the EEOC did not issue a notice of right to sue LabOne until September 23, 2005, or eight months after the Amended Complaint was filed. Paragraph 10 of the Amended Complaint specifically stated that Plaintiff intended to amend her complaint as soon as the EEOC issued a notice of right to sue. Plaintiff moved for leave to file a second amended complaint on October 27, 2005, one month after the EEOC issued the notice. Therefore, the Court cannot find undue delay, bad faith, or dilatory motive on the part of Plaintiff. Defendants have not articulated any undue prejudice which they would suffer if the amendment is allowed. For the foregoing reasons, Plaintiff's Motion for Leave to File Second Amended Complaint  (Doc. 29) is GRANTED.

2.    **Motions for Judgment on the Pleadings**

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c)

attacks the sufficiency of the pleadings and is evaluated under the same standard as a motion to dismiss.  *Thomas v. Gee*, 850 F. Supp. 665, 668 (S.D. Ohio 1994), *citing*, *Amersbach v. City of Cleveland*, 598 F.2d 1033, 1038 (6th Cir. 1979).  In ruling upon such motion, the Court must accept as true all well-pleaded material allegations of the pleadings of the opposing party, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment.  *Id.*, *citing Southern Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir. 1973).

In deciding a motion for judgment on the pleadings, the Court will consider the pleadings, affidavits attached to the complaint, and documents referenced in the complaint. *See Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999).  The Court will also consider public records, letter rulings of government agencies, and matters of which a court may take judicial notice.  *Id.*  To consider matters beyond this would convert the motion to a motion for summary judgment.  Fed. R. Civ. P. 12(c).

### a. <u>Title VII and ADA Claims</u>

LabOne argues that Plaintiff's claims under Title VII and the ADA are barred because Plaintiff failed to exhaust administrative remedies.  At the time Defendant LabOne filed its Motion for Judgment on the Pleadings, Plaintiff had not pleaded that she had exhausted all administrative remedies with respect to LabOne.  Plaintiff has since filed a Second Amended Complaint (Doc. 29, Ex. A) and a copy of the Notice of Right to Sue against LabOne (Doc. 28, Ex. B), which the EEOC issued on September 23, 2005.

Plaintiff has cured the deficiency relied upon by LabOne in its Motion for Judgment on the Pleadings.  Therefore, LabOne's Motion is DENIED with respect to Plaintiff's Title VII and ADA claims.

        **b.**    <u>**FMLA Claim**</u>

Both LabOne and Health Alliance argue that Plaintiff's claim under the FMLA should be dismissed because Plaintiff was provided with the requisite amount of leave, and she was unable to return to work before her FMLA claim expired.

Plaintiff appears to concede that she was given the requisite amount of leave, but argues that Health Alliance should have allowed her to take leave under its policies first, preserving her FMLA leave for the end of her leave period.

Plaintiff argues that LabOne is liable under a successor employer theory. Plaintiff argues that LabOne interfered with her right to be rehired when she returned from leave by entering into the agreement allowing LabOne to terminate any employee who is unable to return to work within thirty days. Plaintiff argues that this interference occurred before her FMLA leave period had run out.  Plaintiff also argues that LabOne's refusal to rehire her was retaliatory.  Plaintiff alleges that LabOne hired histotechnologists who were not employees of Health Alliance, but refused to offer a position to Plaintiff because of her FMLA leave.

"The FMLA entitles qualifying employees to up to twelve weeks of unpaid leave each year if, among other things, an employee has a 'serious health condition that makes the employee unable to perform the functions of the position of such employee.' " *Walton v. Ford Motor Co.*, 424 F.3d 481, 485 (6th Cir. 2005), *quoting* 29 U.S.C. § 2612(a)(1)(D). Qualifying employees who return to work within the 12-week period are entitled to be reinstated to their previous position, or "to an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment."  29 U.S.C. § 2614(a)(1).

Plaintiff states that she is bringing both types of FMLA claims: entitlement and retaliation.

### 1.    Entitlement

To prevail on an entitlement claim, an employee must prove that: (1) she was an eligible employee, (2) the defendant was an employer as defined under the FMLA, (3) she was entitled to leave under the FMLA, (4) she gave the employer notice of her intention to take leave, and (5) the employer denied the employee FMLA benefits to which she was entitled. *Edgar v. JAC Products, Inc.*, 443 F.3d 501, 507 (6th Cir. 2006).

An "eligible employee" is defined in 29 U.S.C. § 2611(2) as "an employee who has been employed . . . for at least 12 months by the employer with respect to whom leave is requested . . . [and] for at least 1,250 hours of service with such employer during the previous 12-month period."  While Plaintiff may have been an eligible employee as to Health Alliance, she was not an eligible employee as to LabOne.  Plaintiff's only possible recourse against LabOne is under a successor liability theory.  Under the FMLA, an "employer" is defined in § 2611(4) as including "any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer . . . [and] any successor in interest of an employer."  Any successor employer must grant leave to employees who gave appropriate notice to the predecessor or continue leave begun by the predecessor.  29 C.F.R. § 825.107(c).

However, Plaintiff's entitlement claim cannot proceed against either Health Alliance or LabOne because Plaintiff was not denied the FMLA benefits to which she was entitled. Plaintiff concedes that she was provided with twelve weeks of FMLA leave, and the Court rejects Plaintiff's argument that she should have been permitted to "preserve" her FMLA

leave.  The FMLA Regulations specifically state that disability leave for the birth of a child

is to be considered FMLA leave and counted in the twelve weeks of leave permitted under

FMLA.[2]  Therefore, Defendants' Motions are GRANTED as to Plaintiff's FMLA entitlement

claim.

### 2.    Retaliation

In a retaliation claim, the Sixth Circuit applies the burden-shifting test articulated in

*McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).  *Skrjanc v. Great Lakes Power*

*Serv. Co.*, 272 F.3d 309, 313-16 (6th Cir. 2001)  In order to establish a *prima facie* case

of retaliation under the FMLA, Plaintiff must show that (1) she engaged in conduct

protected by the Act, (2) the defendant was aware of this exercise of protected rights, (3)

the defendant took an employment action adverse to her, and (4) there was a causal

connection between the protected activity and the adverse employment action.  *Saroli v.*

*Automation & Modular Components, Inc.*, 405 F.3d 446, 451 (6th Cir. 2005), *citing Skrjanc*

*v. Great Lakes Power Serv. Co.*, 272 F.3d 309, 314 (6th Cir. 2001).

Health Alliance and LabOne argue that Plaintiff's claim should be dismissed

because Plaintiff was unable to return to work at the end of the 12-week period.  According

to the regulations promulgated by the Department of Labor, employees who remain

---

[2] 29 C.F.R. § 825.207(d)(1) provides:

Disability leave for the birth of a child would be considered FMLA leave for a serious health condition and counted in the 12 weeks of leave permitted under FMLA. Because the leave pursuant to a temporary disability benefit plan is not unpaid, the provision for substitution of paid leave is inapplicable. However, the employer may designate the leave as FMLA leave and count the leave as running concurrently for purposes of both the benefit plan and the FMLA leave entitlement. If the requirements to qualify for payments pursuant to the employer's temporary disability plan are more stringent than those of FMLA, the employee must meet the more stringent requirements of the plan, or may choose not to meet the requirements of the plan and instead receive no payments from the plan and use unpaid FMLA leave or substitute available accrued paid leave.

"unable to perform an essential function of the position because of a physical or mental condition . . . [have] no right to restoration to another position under the FMLA." 29 C.F.R. § 825.214(b). Accordingly, the Sixth Circuit has held that an employer does not violate the FMLA when it fires an employee who is indisputably unable to return to work at the conclusion of the 12-week period of statutory leave. *Edgar v. JAC Products, Inc.*, 443 F.3d 501, 507 (6th Cir. 2006), *citing Cehrs v. Northeast Ohio Alzheimer's Research Center*, 155 F.3d 775, 784-85 (6th Cir. 1998). However, as the Sixth Circuit has recently explained, in retaliation cases where the medical information known to the employer prior to the adverse decision shows that the employee could not return within 12 weeks, the *Cehrs* decision and the DOL regulation are not a defense to liability. *Edgar*, 443 F.3d 513-14. Instead, *Cehrs* and the DOL regulation can be invoked by employers as a legitimate, nondiscriminatory reason for discharging the employee, *i.e.*, to rebut the employee's *prima facie* case of discrimination *Id.* Therefore, Defendants' Motions are DENIED as to Plaintiff's FMLA retaliation claim.

        **c.**    **State Claims**

Plaintiff alleges claims under Ohio law which are parallel to her federal claims under Title VII and the ADA. Plaintiff also alleges a violation of Ohio public policy.

Health Alliance argues that Plaintiff has failed to exhaust her administrative remedies before filing her sex and pregnancy discrimination claims. However, exhaustion of administrative remedies is not required in actions under Ohio Revised Code Section 4112.99. *See Elek v. Huntington Nat'l Bank*, 573 N.E.2d 1056, 1057-58 (Ohio 1991); *Larkins v. G.D. Searle & Co.*, 589 N.E.2d 488, 490-91 (Ohio App. 1991) (discussing *Elek* and the lower court decision in *Elek*); *Hedrick v. Honeywell, Inc.*, 796 F. Supp 293 (S.D.

Ohio 1992) (exhaustion requirement only applies in age discrimination cases brought under Ohio Revised Code Section 4112.02(N)).

LabOne argues that Plaintiff can not state a claim for a violation of Ohio public policy because it did not discharge Plaintiff. Ohio courts only extend public-policy claims in the employment context to cases involving termination. *See Bools v. General Elec. Co.*, 70 F. Supp. 2d 829, 832 (S.D. Ohio 1999). Plaintiff does not allege that she was an employee of LabOne, nor does she allege that LabOne terminated her. Therefore, Plaintiff has not stated an Ohio public policy claim against LabOne. Accordingly, LabOne's motion is GRANTED as to Plaintiff's public policy claim.

Regarding the public policy claim against Health Alliance, the Court does not understand Plaintiff to be making a claim based on her FMLA rights. Plaintiff would be precluded from bringing such a claim. *See Johnson v. Honda of America Mfg., Inc.*, 221 F.Supp.2d 853, 858 (S.D.Ohio 2002) (finding that remedial scheme set forth in FMLA adequately protects public policy expressed in the statute, thereby obviating the need for common law wrongful discharge claim). Instead, Plaintiff's public policy claim is based upon "Ohio law protecting individuals against pregnancy discrimination, sex discrimination and disability discrimination." However, the Court finds this public policy claim also fails. *See Rosen v. CBC Companies*, 2006 WL 783371, *3 (S.D.Ohio March 24, 2006) (unpublished) (holding that because remedies available under Title VII and Chapter 4112 are adequate, plaintiff's claim for wrongful discharge in violation of Ohio public policy must be dismissed); *Stange v. Deloitte & Touche*, 2006 WL 871242, *3 (S.D.Ohio April 5, 2006) (unpublished) (same).

Based on the foregoing, it is hereby ordered that:

1.      Plaintiff's Motion for Leave to File Second Amended Complaint  (Doc. 29) is **GRANTED**.  Plaintiff shall file her Second Amended Complaint within ten (10) days of entry of this Order.

2.      Defendants' Motions for Judgment on the Pleadings (Docs. 18, 31) are **GRANTED IN PART and DENIED IN PART**.

      a.      LabOne's Motion is DENIED with respect to Plaintiff's Title VII and ADA claims;

      b.      Defendants' Motions are GRANTED as to Plaintiff's FMLA entitlement claim;

      c.      Defendants' Motions are DENIED as to Plaintiff's FMLA retaliation claim

      d.      Defendants' Motion is GRANTED as to Plaintiff's public policy claim.

**IT IS SO ORDERED.**

s/Michael R. Barrett
Michael R. Barrett, Judge
United States District Court